### BURLEE DRY DOCK CO. v. BESSE.

(Circuit Court of Appeals, First Circuit. May 13, 1904.)

No. 525.

1. CONTRACTS—CONSTRUCTION—PAYMENT.

A contract for the purchase of certain vessels provided that in consideration thereof B. agreed to pay to the seller the sum of $65,750, as follows: $20,000 by drafts payable on certain dates, "and the note or notes of the A. Transportation Co. for the balance." Held, that such agreement was unambiguous, and did not require payment of the whole consideration in money, so as to entitle the seller, on the nonpayment of one of the notes of the transportation company, to recover the amount thereof from B.'s estate.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Walter B. Grant and Martin A. Ryan, for plaintiff in error.

Eugene P. Carver and Addison C. Burnham, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This action was brought to recover the sum of $10,750 and interest as an unpaid balance of the purchase price of certain vessels sold by the Burlee Dry Dock Company to William H. Besse.

The written agreement contained the following language:

"In consideration whereof the said Besse agrees to pay to the said party of the first part the sum of sixty-five thousand seven hundred and fifty (65,750) dollars in the manner and times as follows:

"$7,500 in draft to be issued Jan. 15, 1898, and payable on 25th day of January, 1898.

"$12,500 in a draft to be issued on January 26th, 1898, and payable on 5th day of February, 1898.

"The note or notes of the Atlantic Transportation Company are to be given for the remaining $45,750 as follows:

"A note for, or notes aggregating $35,000 dated January 10, 1898, payable on the 1st day of July, 1898, at 6% per annum.

"A note for, or notes aggregating $10,750 dated January 10, 1898, payable on the 31st day of December, 1898, at 6% per annum."

The last-described note was not paid. It was in the following form:

"Int. $11,386.05.                        New York, January 10, 1898.

"On December thirty-first after date The Atlantic Transportation Co. promises to pay to the order of itself ten thousand seven hundred and fifty $^{00}/_{100}$ dollars at The Western National Bank of New York.

"The Atlantic Transportation Co.
"Edw. P. Meany, President.
"Value received, with interest          H. A. Harvey, Treasurer.
    at 6 per cent. per annum.
"No. 19.  Due Dec. 31/98."

Indorsed on back: "The Atlantic Transportation Co., by H. A. Harvey, Treasurer.  Pay to the First National Bank, of S. I., or order.  Burlee Dry Dock Co., W. J. Davidson, Treasurer.  Pay Nat'l Bank of the Republic, First National Bank of Staten Island.  Protested for non-payment January 3rd, 1899."

There was no indorsement by Besse.

The plaintiff in error contends that upon a proper construction of the contract Besse agreed to pay the full sum of $65,750 in money; that the word "pay" requires an absolute payment. It is also argued that the language is at least ambiguous, and that parol evidence was admissible to interpret its meaning, and to show that the parties intended that the note which was not paid was given only as conditional payment.

We are of the opinion that the rights of the parties were dependent upon the language of the agreement, that it was not ambiguous, and that the parol evidence offered was inadmissible. The agreement, properly interpreted, does not require a full payment in money, but expressly provides that a part of the consideration is to be paid in the notes of a third party, the Atlantic Transportation Company.

The cases cited to the effect that the giving and acceptance of negotiable notes does not prevent the party from resorting to the orig-

inal cause of action if the notes are not paid are not in point, since, in order to show a cause of action, the plaintiff was required to prove that Besse had not done what the written agreement required him to do. There was no pre-existing debt which could be sued upon as an independent cause of action. The only obligation was that created by the agreement, and that was fully discharged by payment, according to its express terms, in notes of a third party.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers her costs of appeal.